UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGINA LEWIS,<br><br>                              Plaintiff,<br><br>         -against-<br><br>OLD NAVY; SYNCHRONY BANK,<br><br>                              Defendants. | 21-CV-9131 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated her rights under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*. By order dated January 24, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against Old Navy and Synchrony Bank.[1] She alleges that, on August 1, 2021, she paid $100.00 towards an unspecified account, and that, the next day, she made an additional payment of $159.00. Plaintiff claims that the two payments were not credited, and that, on October 19, 2021, Defendants reported an inaccurate balance of $269.00 in violation of the FCRA. Plaintiff asserts defamation as her injury, and seeks an order directing Defendants

---

[1] On July 29, 2015, Plaintiff was barred under 28 U.S.C. § 1915(g) from filing any new civil action IFP while she is a prisoner. *Lewis v. Epstein*, ECF 1:14-CV-9404, 8 (S.D.N.Y. July 29, 2015). More recently, on November 16, 2021, Plaintiff was barred under 28 U.S.C. § 1651 from filing future civil actions IFP in this court without first obtaining from the court leave to file. *Lewis v. Wolfe*, ECF 1:21-CV-6949, 7 (S.D.N.Y. Nov. 16, 2021). That order was issued because of Plaintiff's history of filing vexatious litigation in this courts. This action was filed prior to the Court's recent bar order.

to correct the reported information and to pay her $1,000.00 each time they make a "false report." (ECF 2, at 6.)

## DISCUSSION

A.  **Reporting of Inaccurate Information**

Congress enacted the Federal Credit Reporting Act (FCRA) to ensure that consumer reporting agencies follow fair and equitable procedures in "regard to the confidentiality, accuracy, relevancy, and proper utilization of consumer credit information." 15 U.S.C. § 1681(b). The FCRA imposes certain duties on entities furnishing information to consumer reporting agencies. 15 U.S.C. § 1681s-2.[2] Section 1681s-2(a) states that persons "shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s–2(a)(1)(A). But "there is no private cause of action for violations of Section 1681s–2(a)." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012). This is because this subsection of the FCRA "shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title." 15 U.S.C. § 1681s–2(d); *Comunale v. Home Depot, U.S.A., Inc.*, 328 F. Supp. 3d 70, 79 (W.D.N.Y. 2018) ("There is no private cause of action under Section 1681s-2(a), for the FCRA limits the enforcement of this subsection to government agencies and officials.").

---

[2] The term "furnishers of information" is not defined in the statute, *see* 15 U.S.C. § 1681a, but it has been interpreted to mean "entities that transmit, to credit reporting agencies, information relating to debts owed by consumers," *Kane v. Guaranty Residential Lending, Inc.*, No. 04–CV–4847, 2005 WL 1153623, at *3 (S.D.N.Y. May 16, 2005). The Court assumes for purposes of this order that Defendants Old Navy and Synchrony Bank are furnishers of information.

Here, Plaintiff alleges that Old Navy and Synchrony Bank reported inaccurate information regarding her debts with them, in violation of the FCRA. She does not specify to whom the inaccurate balance on her account was reported. Assuming that the alleged inaccurate information was reported to a credit reporting agency, Plaintiff fails to state a claim for relief because an individual does not have a private right of action under Section 1681s–2(a).

**B.      Duty to Investigate**

Section 1681s-2(b) of the FCRA "governs the furnishers' duty once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency." *Comunale*, 328 F. Supp. 3d at 77-78. The FCRA "does provide for a private cause of action pursuant to § 1681s-2(b)." *Id.* at 80.

A furnisher's duties under Section 1681s–2(b) include, among other things, to "conduct an investigation with respect to the disputed information," after receiving notice from a consumer reporting agency. 15 U.S.C. § 1681s–2(b)(1). "To state a claim [under Section 1681s–2(b)(1)], a consumer must show that (1) a furnisher received notice of a credit dispute from a [credit reporting agency] (as opposed to from the consumer alone) and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation." *Jackling v. HSBC Bank USA, N.A.*, No. 15-CV-6148 (FPG), 2019 WL 162743, at *4 (W.D.N.Y. Jan. 10, 2019).

In determining whether a furnisher of information has satisfied its obligations arising under Section 1681s-2(b), "courts have required a 'reasonable investigation.'" *Amendoeira v. Monogram Credit Card Bank of Georgia*, No. 05-CV-4588, 2007 WL 2325080, at *1 (E.D.N.Y. Aug. 7, 2007). The reasonableness of a furnisher's investigation depends upon the nature and scope of the consumer's dispute. *See Okocha v. HSBC Bank USA, N.A.*, No. 08-CV-8650, 2010 WL 5122614, at *6 (S.D.N.Y. Dec. 14, 2010) (examining the reasonableness of a furnisher of information's investigation based upon "what it was told by the credit bureau").

Plaintiff fails to state a claim under Section 1681s-2(b)(1) against Defendants because she does not allege any facts suggesting that (1) Defendants received notice of a dispute regarding her information from a credit reporting agency, and (2) that they failed to conduct a reasonable investigation or otherwise failed to comply with any obligation under the FCRA. Plaintiff therefore fails to state a claim against either Old Navy or Synchrony Bank under the FCRA. The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

      The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  February 2, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge