UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/2022

REGINA LEWIS,

                              Plaintiff,

              -against-

OLD NAVY, et al.,

                              Defendants.

21-CV-9131 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated her

rights under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*.  By Order dated

January 24, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that

is, to waive the filing fees.  For the reasons discussed below, the Court directs service on Old

Navy and Synchrony Bank and dismisses "Dicks" as a defendant from this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).  But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its

limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of

Civil Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct.  In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true.  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678–79 (2009).  But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions.  *Twombly*, 550

U.S. at 555.  After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible—not merely possible—that the pleader is

entitled to relief.  *Id.*

## DISCUSSION

**A.  Service on Old Navy and Synchrony Bank**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on

the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal

Rules of Civil Procedure generally requires that summonses and the complaint be served within

90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

summonses and the amended complaint until the Court reviewed the amended complaint and

ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.  If the amended complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Old Navy and Synchrony Bank through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Defendant Dicks**

Plaintiff names "Dicks" as a defendant in the caption of the amended complaint, but she does not allege any facts about this defendant, much less facts suggesting that Dicks violated the FCRA.  As Plaintiff does not assert any facts suggesting that Dicks is legally responsible for any of the alleged violations or injuries that she has suffered, the Court dismisses Dicks as a defendant from this action.  *See Iqbal*, 556 U.S. at 678 (a complaint must "allow[] the [C]ourt to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged") (citing *Twombly*, 550 U.S. at 556)).  The dismissal of Dicks is without prejudice to Plaintiff requesting leave to file a second amended complaint to state viable claims against this defendant.

3

**C.      Plaintiff's application to appeal IFP**

Plaintiff attaches to her amended complaint an application to appeal IFP (ECF 6, at 7–12.)  As this action is proceeding with the amended complaint and Plaintiff did not submit a notice of appeal, the Court denies the application to appeal IFP as unnecessary.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Old Navy and Synchrony Bank, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court dismisses without prejudice Plaintiff's claims against "Dicks." The Court also denies Plaintiff's application to appeal IFP.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

SO ORDERED.

Dated:    March 10, 2022
          White Plains, New York

_____
        NELSON S. ROMÁN
        United States District Judge

4

## DEFENDANTS AND SERVICE ADDRESSES

1.      Old Navy, LLC
        2 Folsom Street
        San Francisco, CA 94105

2.      Synchrony Bank
        777 Long Ridge Road
        Stamford, CT 06905