USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/09/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

-against-

OLD NAVY et al.

       Defendants.

21-cv-9131 (NSR)
OPINION & ORDER

Nelson S. Román, United States District Court Judge:

  On November 3, 2021, Plaintiff Regina Lewis ("Plaintiff") commenced this action against Defendant Synchrony Bank and Defendant Old Navy (collectively, "Defendants"), asserting violations of the Fair Credit Reporting Act ("FCRA"). (Amended Complaint ("Am. Compl."), ECF No. 6.) Presently before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b). (ECF No. 27.) For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

  The allegations in the Amended Complaint are deemed true for the purpose of resolving this motion.

  Plaintiff holds multiple credit cards issued by Defendant Synchrony, one of which is a credit card offered by Defendant Old Navy ending in the numbers "7902" (the "7902 Account"). (Am. Compl. at 2.) On August 2, 2021, Plaintiff made a payment of $100, followed by a payment on the same day of $159, to the 7902 Account. (*Id.*) After making these payments, Plaintiff alleges that Synchrony reported an incorrect balance on the Old Navy card, which, in turn, affected other accounts she holds. (*Id.*) The Amended Complaint does not indicate what

reported information was inaccurate, or to whom the incorrect balance was reported. Nevertheless, according to Plaintiff, the incorrect reporting "caus[ed] the credit line to be reduced or the entire account closed" for the other accounts. (*Id.*) Plaintiff has been unsuccessful disputing the incorrect reporting. (*Id.*)

On August 26, 2021, Plaintiff filed a dispute regarding the accuracy of the reporting directly with Synchrony. (*Id.*) On September 30, 2021, she initiated a consumer complaint with Experian. (*Id.*) On the same day, Synchrony responded to her and "reversed credit payment stolen." (*Id.*) Plaintiff continued to correspond with Synchrony and Experian throughout 2021, but it is unclear what the subjects or conclusions of these correspondences were as Plaintiff does not explain in nor does she attach any exhibits of the correspondence to the Amended Complaint. (*See id.*)

Plaintiff concludes the Amended Complaint by stating that her "credit score has suffered" and that her "remaining accounts" have been "negatively impacted" by Defendants' incorrect reporting. (*Id.* at 3.) In light of this, she seeks $75,000 in damages. (*Id.*)

## PROCEDURAL HISTORY

On November 3, 2021, Plaintiff commenced this action against the Defendants. (Complaint, ECF No. 2.) On February 2, 2022, the Court dismissed the Complaint *sua sponte* for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 4.) On February 17, 2022, Plaintiff filed the operative Amended Complaint (ECF No. 6), which the Court construed as a motion for reconsideration, (ECF No. 7). The Court granted Plaintiff's motion for reconsideration and vacated the dismissal of the Complaint. (*Id.*)

On March 22, 2023, the Defendants filed a motion to dismiss the Amended Complaint, and a memorandum of law in support. (ECF No. 28.) On March 26, 2023, Plaintiff submitted a

letter in opposition to Defendants' motion to dismiss, which the Court construes as her opposition papers. (ECF No. 29.) On May 15, 2023, Defendants filed a reply memorandum in further support of their motion. (ECF No. 30.)

## LEGAL STANDARD

A claim is subject to dismissal under Rule 12(b)(1) if the Court lacks subject matter jurisdiction to adjudicate it pursuant to statute or constitutional authority. *See Fed. R. Civ. P.* 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Where a party lacks standing to bring a claim, the court lacks subject matter jurisdiction over such claim. *See SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020). To have standing, a plaintiff must prove: (1) he or she has suffered a "concrete and particularized injury"; (2) the injury "is fairly traceable to the challenged conduct"; and (3) the injury "is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). The Plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction of the claim asserted. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).

## DISCUSSION

Plaintiff's Amended Complaint purports to assert claims sounding in failure to report accurate information and failing to correct inaccurate information under the FCRA. The FCRA, 15 U.S.C. § 1681 *et seq.*, regulates credit reporting agencies and mandates them to adopt

reasonable procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information. *See* 15 U.S.C. § 1681(b). The FCRA imposes several responsibilities upon credit reporting agencies, including to refrain from knowingly reporting inaccurate information under 15 U.S.C. § 1681s–2(a)(1) and to correct any information they later discover to be inaccurate under 15 U.S.C. § 1681s–2(a)(2). *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012). A creditor's failure to investigate and correct the disputed information pursuant to 15 U.S.C. § 1681s-2(b) creates a private cause of action. *Holland v. Chase Bank USA, N.A.*, 475 F. Supp. 3d 272, 276 (S.D.N.Y. 2020) (citing *Matheson v. Ocwen Fed. Bank FSB*, 2008 WL 11413560, at *7 (E.D.N.Y. June 18, 2008)).

The Supreme Court has made clear that "a bare procedural violation" of the FCRA "divorced from any concrete harm" fails to satisfy the injury-in-fact requirement of Article III. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016). Rather, to establish Article III standing, a plaintiff must show that he has suffered concrete harm. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021). Such harm can be monetary or physical, *Spokeo*, 578 U.S. at 340, and need not always be tangible in nature, *TransUnion LLC*, 141 S. Ct. at 2208. However, "mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a *separate* concrete harm." *Scott v. Affirm, Inc.*, No. 22CV04432ARRJMW, 2022 WL 18859070, at *2 (E.D.N.Y. Sept. 30, 2022) (citation omitted) (emphasis in original); *see, e.g. Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 273 (E.D.N.Y. 2022) (finding TransUnion's alleged credit error did not cause plaintiff "concrete and particularized harm" because the alleged harms were "not expenses, costs, any specific lost credit opportunity, or specific emotional injuries").

The Second Circuit has held that adverse effects on a credit score do not confer standing

where, "it is not alleged that th[e] purported risk materialized[.]" *Maddox v. Bank of N.Y. Mellon Trust Company, N.A.*, 19 F.4th 58, 65 (2d Cir. 2021). In other words, a lowered credit score cannot, by itself, demonstrate a concrete harm for purposes of standing unless coupled with allegations of dissemination to third parties. *Zlotnick v. Equifax Info. Servs.*, LLC, 583 F. Supp. 3d 387, 392 (E.D.N.Y. 2022). However, credit reporting agencies, such as Equifax and TransUnion, "are not the type of third parties contemplated by" the FCRA; the third parties contemplated by FCRA are only "potential creditors." *Spira v. Trans Union*, LLC, No. 21-CV-2367 (KMK), 2022 WL 2819469, at *4 (S.D.N.Y. July 19, 2022); *see also Campbell v. Portfolio Recovery Assocs.*, No. 21-CV-1322, 2022 WL 657225, at *2 (E.D.N.Y. Mar. 4, 2022) ("[T]he distribution of inaccurate information to a credit reporting agency, as opposed to a potential creditor,…does not constitute or cause concrete injury for standing purposes."). If a plaintiff fails to satisfy the injury-in-fact requirement of Article III, a federal court lacks subject matter jurisdiction over plaintiff's FCRA claims. *See Zlotnick*, 583 F. Supp. 3d at 392.

Here, Plaintiff fails to allege a concrete harm that is sufficient to establish Article III standing and, therefore, the Court lacks jurisdiction to adjudicate her claims. Although Plaintiff makes the conclusory assertion that her "credit score has suffered" and her "remaining accounts" have been "negatively impacted," (Am. Compl. at 3), the Amended Complaint does not contain "any allegations or other support that plaintiff was in fact denied credit or that plaintiff suffered any concrete consequences," *Zlotnick*, 583 F. Supp. 3d at 392. Although Plaintiff alleges that she suffered a "lowered credit score and loss of credit, and inability to open new credit and the charge-off," (Opp. at 1), she has neither "name[d] a third-party that has actually received a credit report with the allegedly inaccurate…information," *Krausz v. loanDepot.com, LLC*, No. 22 CV 152 (VB), 2022 WL 16960928, at *3 (S.D.N.Y. Nov. 16, 2022) (citation omitted), nor has she

5

made "any allegations that [she] applied for credit, from which the Court could reasonably conclude that…[the Defendants] had to have disseminated [her] credit report to a third party," *Hossain v. TransUnion, LLC*, No. 22-cv-5541, 2022 WL 14058958, at *3 (E.D.N.Y. Oct. 24, 2022). Plaintiff's "reduced credit score, alone, does not confer standing for Article III purposes." *Swainson v. Lendingclub Corp.*, No. 21CIV5379GHWSLC, 2022 WL 2704629, at *8 (S.D.N.Y. June 24, 2022), *report and recommendation adopted,* No. 1:21-CV-5379-GHW, 2022 WL 2704486 (S.D.N.Y. July 12, 2022). Accordingly, Plaintiff's Amended Complaint does not satisfy the injury-in-fact requirement of Article III and the Court lacks subject matter jurisdiction over Plaintiff's FCRA claims.

This dismissal is without prejudice, however, because "'when a case is dismissed for lack of federal subject matter jurisdiction,' including for lack of standing, 'Article III deprives federal courts of the power to dismiss the case with prejudice.'" *See Spira*, 2022 WL 2819469, at *6 (citing *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017)). To the extent Plaintiff has a good faith basis for filing a Second Amended Complaint setting forth a sufficiently concrete injury to confer standing, she may.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 27. The Clerk of Court is further directed to mail a copy of this Opinion and Order to *pro se* Plaintiff at her address listed on ECF and to show service on the docket.

Plaintiff is granted until February 8, 2024 to file a Second Amended Complaint consistent with this opinion and order re-asserting those claims which have been dismissed without prejudice. Failure to timely comply may result in the remaining claims being dismissed with

prejudice.

    This constitutes the Court's Opinion and Order.

Dated: January 9, 2024                             SO ORDERED:
White Plains, New York

                                                         NELSON S. ROMÁN
                                                      United States District Judge