

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUNTHERN DISTRICT OF NEW YORK    2024 AUG 26  AM 9: 53

|  | PLAINTIFF'S RESPONSE |
|---|---|
| Regina Lewis | 21Cv.9131(NSR) |
|    Plaintiff, | |
| v. | |
| Synchrony Bank, Experian | |
|    Defendants, | |

PLEASE TAKE NOTICE, of plaintiff's response. The defendant is violating the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681. The plain language of Section 1681n(a)(1)(A) allows two options. (1) states that actual damages must be sustained by the consumer as a result of the violation before the consumer can recover. (2), the second option contains none of these requirements. The two options in Section 1681n(a)(1)(A) are separated by "or," signaling that there are two alternatives and that reading the second option to allow for statutory damages without proof of actual damages gives the options separate meanings, see *Trans Union LLC v. Ramirez, 141 S. Ct. 2190 (2021)*.

Because the second option contains none of these requirements for me to show a concrete harm in Section 1681n(a)(1)(A). I am not required to prove actual damages to recover statutory damages for willful violations of the Fair Credit Reporting Act. See <u>*Omar Santos, et al v. Experian Information Solutions, Inc., No. 22-11187 (11th Cir. 2023)*</u>.

Physical or monetary harms readily qualify as concrete injuries under Article III, and various intangible harms—like reputational harms—can also be concrete. Ibid. The $259.58, that was never applied to the Old Navy balance or refunded is a concrete and monetary harm and establishes Article III standing to bring the action. On February 17th,2022, the defendant informed me that a payment for $159.58, was received on August 2nd,2021, unfortunately the payment had been mis-posted. The defendant never provided information as to what the $159.58 was mis-posted to. Nevertheless, the defendants agreed to credit the late fees and interest charges totaling $130.34 and said that the credits would appear on my February 2022, billing statement" additionally defendants claimed to have requested all major credit bureaus remove any derogatory information reported regarding my Old Navy card account. Defendants assured me that corrections had been made to my Old Navy Card Account and the $159.58 payment had been applied" I was instructed that this update could take up to 60 days to be reflected on your credit report." The correction was not on my updated credit report. The violation has come and gone and entitles me to statutory damages without proof of actual damages based on the $259.58 that was neither posted nor refunded and the cause of the inaccurate credit report. I am entitled to statutory damages as a matter of law, 1681n(a)(1)(A).

The defendant also informed me that the $100 payment made on August 2nd, 2021, had also been located, it was mis-posted to my Pandora account and was to be reflected on my August 2021 billing statement. Defendants offered to transfer the $100 payment to the Old Navy account for which it was intended. The Pandora account had a zero balance at the time the $100 was mis-posted. The defendants never transferred or refunded the $100 and closed the Pandora account owing me $100. The defendants have never refunded the $259.58 either or posted it to the Old Navy account. I can recover statutory damages for willful FCRA violations without proving actual damages, see *TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021)*.

The violations of the FCRA "have a close relationship to the harm caused by the publication of defamatory information," I do not have to prove that the false reporting caused an injury because the false reporting itself is the injury. The FCRA, in 15 U.S.C. Sec. 1681n(a)(1)(A), allows a consumer to recover "[1] any actual damages sustained by the consumer as a result of the [violation] or [2] damages of not less than $100 and not more than $1,000." Consumers alleging a willful failure to comply with an FCRA requirement may seek: Either: actual damages (15 U.S.C. § 1681n(a)(1)(A)); (or) statutory damages of $100 to $1,000 (15 U.S.C. 1681n). Wherefore, I seek actual damages with a refund of $259.58 and statutory damages of $100 to $1,000, for each willful violation of the FCRA requirement as a matter of law. The Better Business Bureau verified my complaint. The defendants are engaged in a statutory violation, I have article III standing to sue, see *Spokeo, 578 U.S. at 341, 136 S.Ct.1540*. The statutory provision 1681n(a)(1)(A) is a material issue.

Respectfully submitted.
*Regina Lewis*

cc:
Reed Smith LLP.
Riverfront Plaza-West Tower
901 East Byrd St. Suite 1900
Ricmond, VA 2321
asector@reedsmith.com

Dated: January 19th, 2024

Case 7:21-cv-09131-NSR   Document 41   Filed 08/26/24   Page 3 of 3

Regina Lewis
135 Main St. Apt. 801
Poughkeepsie, NY 12601

Pro Se Office
United States District Court
500 Pearl St.
New York, NY 10007

10007-131608

ALBANY NY 120
2024 AUG 26 AM 9: 53



