USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/25/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGINA LEWIS,<br><br>-against-<br><br>OLD NAVY et al.<br><br>Defendants. | 21-cv-9131 (NSR)<br>OPINION & ORDER |

Nelson S. Román, United States District Court Judge:

Plaintiff Regina Lewis ("Plaintiff"), proceeding *pro se*, brings this action against Defendant Synchrony Bank and Defendant Old Navy (collectively, "Defendants"), asserting violations of the Fair Credit Reporting Act ("FCRA"). (Second Amended Complaint ("SAC"), ECF No. 33.) Presently before the Court is Defendants' motion to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b). ('Defendants' Motion", ECF No. 40.) For the following reasons, Defendants' Motion is GRANTED.

## BACKGROUND

The allegations in the SAC are deemed true for the purpose of resolving Defendants' Motion.

Plaintiff held multiple credit cards issued by Synchrony, including a La-Z-Boy account, a Mattress Firm account, an Old Navy account, and a Pandora account. (*See* SAC Exhibit A.) She alleges that she made a payment to her Old Navy account of $159.58 on August 2, 2021, but that the payment was misapplied. (*Id.* at 1.) As a result of the misapplication, Synchrony allegedly agreed to refund interest and late fees and correct any derogatory credit reporting. (*Id.*) Plaintiff further alleges that a second payment of $100 on August 2, 2021 was misposted to her Pandora

1

account, and that her Pandora account was later closed with a $0 balance. (*Id.* at 2.) She contends that Synchrony never refunded or reapplied either of the payments, and that she has thus suffered a loss in the amount of $259.58. (*Id.*)

## PROCEDURAL HISTORY

On November 3, 2021, Plaintiff commenced this action against the Defendants. (Complaint, ECF No. 2.) On February 2, 2022, the Court dismissed the Complaint *sua sponte* for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 4.) On February 17, 2022, Plaintiff filed an Amended Complaint (ECF No. 6), which the Court construed as a motion for reconsideration, (ECF No. 7). The Court granted Plaintiff's motion for reconsideration and vacated the dismissal of the Complaint. (*Id.*)

On March 22, 2023, the Defendants filed a motion to dismiss the Amended Complaint (ECF No. 27), which the Court granted on January 9, 2024 (ECF No. 32). On February 6, 2024, Plaintiff filed the SAC. (ECF No. 33.) On July 15, 2024, Defendants filed a motion to dismiss the SAC (ECF No. 40) and a memorandum of law in support (*id*). On August 26, 2024, Plaintiff submitted a response in opposition to Defendants' motion to dismiss. (ECF No. 41.)

## LEGAL STANDARD

A claim is subject to dismissal under Rule 12(b)(1) if the Court lacks subject matter jurisdiction to adjudicate it pursuant to statute or constitutional authority. *See* Fed. R. Civ. P. 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Where a party lacks standing to bring a claim, the Court lacks subject matter jurisdiction over such claim. *See SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020). To have standing, a plaintiff must prove: (1) he or she has suffered a "concrete and particularized injury"; (2) the injury "is fairly traceable to the challenged conduct"; and (3) the injury "is likely to be redressed by a favorable

judicial decision." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). The plaintiff bears the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction of the claim asserted. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).

## DISCUSSION

Plaintiff's SAC purports to assert claims sounding in failure to report accurate information and failing to correct inaccurate information under the FCRA. The FCRA, 15 U.S.C. § 1681 *et seq.*, regulates credit reporting agencies and mandates them to adopt reasonable procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information. *See* 15 U.S.C. § 1681(b). The FCRA imposes several responsibilities upon credit reporting agencies, including to refrain from knowingly reporting inaccurate information under 15 U.S.C. § 1681s–2(a)(1) and to correct any information they later discover to be inaccurate under 15 U.S.C. § 1681s–2(a)(2). *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012). A creditor's failure to investigate and correct the disputed information pursuant to 15 U.S.C. § 1681s-2(b) creates a private cause of action. *Holland v. Chase Bank USA, N.A.*, 475 F. Supp. 3d 272, 276 (S.D.N.Y. 2020) (citing *Matheson v. Ocwen Fed. Bank FSB*, 2008 WL 11413560, at *7 (E.D.N.Y. June 18, 2008)).

The Supreme Court has made clear that "a bare procedural violation" of the FCRA "divorced from any concrete harm" fails to satisfy the injury-in-fact requirement of Article III.

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016). Rather, to establish Article III standing, a plaintiff must show that he has suffered concrete harm. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021). Such harm can be monetary or physical, *Spokeo*, 578 U.S. at 340, and need not always be tangible in nature, *TransUnion LLC*, 141 S. Ct. at 2208. However, "mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a *separate* concrete harm." *Scott v. Affirm, Inc.*, No. 22CV04432ARRJMW, 2022 WL 18859070, at *2 (E.D.N.Y. Sept. 30, 2022) (citation omitted) (emphasis in original); *see, e.g. Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 273 (E.D.N.Y. 2022) (finding TransUnion's alleged credit error did not cause plaintiff "concrete and particularized harm" because the alleged harms were "not expenses, costs, any specific lost credit opportunity, or specific emotional injuries"). If a plaintiff fails to satisfy the injury-in-fact requirement of Article III, a federal court lacks subject matter jurisdiction over plaintiff's FCRA claims. *See Zlotnick v. Equifax Info. Servs.*, LLC, 583 F.Supp.3d 387, 392 (E.D.N.Y. 2022).

      Here, Plaintiff fails to allege a concrete harm that is sufficient to establish Article III standing and, therefore, the Court lacks jurisdiction to adjudicate her claims. Plaintiff claims that she seeks "actual damages based on the $259.58 that was neither posted nor refunded," to her account (SAC at 2), but, even assuming Defendants failed to post or refund the $259.58 owed to Plaintiff, any harm resulting from their failure to post or refund does not flow from an alleged violation of the FCRA. In other words, Plaintiff fails to "allege that she suffered any concrete harm resulting *directly* from Defendant[s'] alleged statutory violations." *Hakobyan v. Experian Info. Sols., Inc.*, No. 23CV1532PKCPK, 2024 WL 1468170, at *2 (E.D.N.Y. Apr. 4, 2024) (emphasis added). Rather, Plaintiff "seek[s]...a refund of $259.58" that has no connection to

Defendants' alleged noncompliance with the FCRA. But the Supreme Court has made it clear that "'[o]nly those plaintiffs who have been concretely harmed *by a defendant's statutory violation'* will have standing" under the FCRA. *See Krausz v. loanDepot.com, LLC*, No. 22 CV 152 (VB), 2022 WL 16960928, at *2 (S.D.N.Y. Nov. 16, 2022) (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. at 2205) (emphasis added). "No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. at 2214. Plaintiff does not allege any concrete harm flowing from Defendants' purported violation of the FCRA and therefore cannot satisfy the requirements of Article III standing. Accordingly, Plaintiff's SAC is dismissed.

As before (*see* ECF No. 32 at 6), this dismissal is without prejudice because "'when a case is dismissed for lack of federal subject matter jurisdiction,' including for lack of standing, 'Article III deprives federal courts of the power to dismiss the case with prejudice.'" *See Spira v. Trans Union*, LLC, No. 21-CV-2367 (KMK), 2022 WL 2819469, at *6 (S.D.N.Y. July 19, 2022) (citing *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017)). To the extent Plaintiff has a good faith basis for filing a Third Amended Complaint setting forth a sufficiently concrete injury to confer standing, she may.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Second Amended Complaint is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 40. The Clerk of Court is further directed to mail a copy of this Opinion and Order to *pro se* Plaintiff at her address listed on ECF and to show service on the docket.

Plaintiff is granted until November 25, 2024 to file a Third Amended Complaint consistent with this Opinion and Order re-asserting those claims which have been dismissed without prejudice. Failure to timely comply may result in the remaining claims being dismissed

with prejudice. Defendants are granted until December 16, 2024 to respond to any Third Amended Complaint filed by Plaintiff.

This constitutes the Court's Opinion and Order.

Dated: October 25, 2024                        SO ORDERED:
White Plains, New York

                                               _____
                                               NELSON S. ROMÁN
                                               United States District Judge