USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REGINA D. LEWIS,

                Plaintiff,

-against-

SYNCHRONY et al.,

                Defendants.

21-cv-9131 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Regina Lewis ("Plaintiff"), proceeding *pro se*, brings this action against Defendants Synchrony Bank and Experian. Plaintiff asserts Defendants violated the Fair Credit Reporting Act ("FCRA") and committed fraud.[1] (ECF No. 43, "TAC.") Presently before the Court is Defendant Synchrony Bank's motion to dismiss the TAC pursuant to Federal Rules of Civil Procedure 12(b)(6). (ECF No. 48, "Def. Mot.")

For the following reasons Defendant's Motion is GRANTED.

**FACTUAL BACKGROUND**

For the purpose of ruling on the motion to dismiss, the Court accepts as true all-well pleaded factual allegations in the Complaint and draws all reasonable inferences in Plaintiff's favor, as summarized below. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff held several credit cards issued by Defendant Synchrony Bank ("Synchrony"), including accounts with La-Z-Boy, Mattress Firm, Old Navy, and Pandora. (*See* TAC Exhibit B.) Plaintiff alleges that two unauthorized payments of $159.58 and $100, respectively, were made to

---

[1] As a preliminary note, while Plaintiff refers to Old Navy in the TAC, she nevertheless asserts no allegations or claims against Old Navy. (TAC at 1-4.) The Court therefore interprets the TAC to only name Synchrony Bank and Experian as defendants.

her Old Navy account on August 2, 2021. (*Id*. 1–2.) Defendant Synchrony allegedly acknowledged the misapplication of the payments and agreed to refund late fees and interest while taking steps to correct inaccuracies in Plaintiff's credit reporting. (*Id*. at 1.) Plaintiff alleges that neither of the payments were credited or refunded to any of her accounts, thus causing her to suffer loss in the amount of $259.58. (*Id*.)

## PROCEDURAL HISTORY

On November 3, 2021, Plaintiff initiated this action against multiple parties, including Defendant Synchrony. (ECF No. 2.) On February 2, 2022, the Court, *sua sponte*, dismissed Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 4.) On February 17, 2022, Plaintiff submitted an amended complaint (ECF No. 6), which the Court treated as a motion for reconsideration. (ECF No. 7.) The Court granted reconsideration and vacated its earlier dismissal. (*Id.*)

On March 22, 2023, Defendant Synchrony moved to dismiss the amended complaint. (ECF No. 27.) The Court granted that motion on January 9, 2024. (ECF No. 32.) On February 6, 2024, Plaintiff filed a second amended complaint (ECF No. 33, "SAC.") On July 15, 2024, Defendant Synchrony filed a motion to dismiss the SAC (ECF No. 40), accompanied by a supporting memorandum of law. (*Id*.) On August 26, 2024, Plaintiff filed a brief in opposition to Defendant's motion to dismiss. (ECF No. 41.) On October 25, 2024, Defendant's motion to dismiss the SAC was granted, and Plaintiff was given leave to file the TAC. (ECF No. 42.)

On November 30, 2024, Plaintiff filed the TAC. (ECF No. 43.) Plaintiff now sues both Synchrony and Experian. (*Id*.) Defendant Synchrony moved to dismiss pursuant to Rule 12(b)(6) on March 20, 2025. (ECF No. 48.) Defendant's motion stands unopposed.

**LEGAL STANDARD**

I.     **Federal Rule of Civil Procedure 20**

Permissive joinder of parties is governed by Federal Rule of Civil Procedure 20, which states a party may join two or more defendants in the same suit if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). Both prongs must be satisfied for joinder to be proper. *Deskovic v. City of Peekskill,* 673 F.Supp.2d 154, 159 (S.D.N.Y. 2009); *see also* Moore's Federal Practice § 21.02[1] (3d ed. 2009) ("Failure to satisfy either prerequisite for permissive joinder constitutes misjoinder of parties.").

II.    **Federal Rule of Civil Procedure 12(b)(6)**

On a 12(b)(6) motion, dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a *pro se* plaintiff is concerned, courts must construe the pleadings in a particularly liberal fashion. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). In fact, courts must interpret the *pro se* plaintiff's pleading "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of*

3

*New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotations and citation omitted). Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

**III.    Federal Rule of Civil Procedure 9(b)**

Rule 9(b) of the Federal Rules of Civil Procedure modifies the liberal pleading standard stated in Rule 8(a) when a claim asserts allegations of fraud. Rule 9(b) holds a party must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "For a fraud claim 'to comply with Rule 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 556 (S.D.N.Y. 2013) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006)). Pleadings concerning scienter require less specificity under Rule 9(b). *See* Fed. R. Civ. P. 9(b). However, the complaint must still "plead facts that give rise to a strong inference of fraudulent intent." *Kalie*, 297 F.R.D. at 556. "Allegations that are conclusory or unsupported by factual assertions are insufficient." *ATSI Commc'ns Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

Although the Supreme Court has held the pleadings of *pro se* litigants are to be held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), such pleadings are still subject to dismissal under Fed. R. Civ. P. Rule 9(b). *See Lichtenstein v. Reassure Am. Life Ins. Co.*, 2009 WL 792080, at *8* (E.D.N.Y. Mar. 23, 2009)

4

(dismissing plaintiff's *pro se* fraud claims for failure to "meet the heightened pleading standards of Rule 9(b)").

## DISCUSSION

### I.     Joinder of Experian as a Party

The goal of Fed. R. Civ. P. 20 is to increase judicial efficiency and eliminate multiplicative suits by joining cases so long as the conditions of Rule 20 are satisfied. *See* Moore's Federal Practice § 20.02[1] (3d ed. 2009). To that end, the requirements of Fed. R. Civ. P. 20 are to be liberally interpreted "to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 57 (S.D.N.Y. 2006) (quoting *A.I.A. Holdings, S.A. v. Lehman Bros. Inc.*, 1998 WL 159059, at *5 (S.D.N.Y. April 1, 1998) (internal quotation marks and citation omitted in original)). Plaintiff alleges that Defendant Experian was part of the series of transactions which she claims caused her loss. (*See* TAC at 1.) According to Plaintiff, Defendant Experian allegedly reported inaccurate information, supplied by Defendant Synchrony, which Plaintiff asserts caused the harm she seeks to redress with this action. (*Id*.) Whether Plaintiff's harm flows directly from either defendant's actions, independently or jointly, would be most efficiently adjudicated in a single matter before the Court. Accordingly, the Court finds joinder to be proper and permits Experian to be added as a defendant.

### II.    Plaintiff's FCRA Claims

#### a.  Against Synchrony as a Furnisher

Plaintiff alleges a FCRA claim against Defendant Experian and similarly appears to assert one against Defendant Synchrony. (*See* TAC at 1–3.) Plaintiff's claims stem from alleged willful noncompliance with the FCRA. 15 U.S.C. § 1681 *et seq*. *Pro se* complaints must be construed

liberally and interpreted to raise the strongest claims that they suggest. *Drews v. GoldOller Real Estate Invs.*, 2025 WL 2144728, at *3 (S.D.N.Y. July 28, 2025) (citation omitted). Congress passed the FCRA which regulates consumer reporting agencies ("CRAs"), credit furnishers ("Furnishers"), and end users of credit reports. *Id*. at *4. The act dictates that CRAs and Furnishers adopt reasonable procedures to ensure the confidentiality and accuracy of reports. *See* 15 U.S.C. § 1681(b). For the purposes of the act, CRAs are entities which prepare and report credit reports for end users using information provided by Furnishers. *See* 15 U.S.C. § 1681a. Furnishers are individuals or companies which supply data to CRAs to generate a credit report. *Id.* In the context of this case, Defendant Synchrony furnishes information on payments made to them on outstanding credit balances to companies like Defendant Experian, who in turn reports the information to end users. Therefore, under the FCRA, Defendant Experian would be considered a CRA and Defendant Synchrony would be considered a Furnisher. *See* 15 U.S.C. § 1681a.

15 U.S.C. § 1681s-2(a)–(b) outlines the duties of Furnishers concerning the accurate reporting and investigation of disputes pursuant to the FCRA. Plaintiff has accurately noted there exists a private right of action under 15 U.S.C. §1681n which allows for private citizens to pursue violations of the FCRA. Liability, however, for violations of § 1681s-2(a) (which governs incorrect reporting by Furnishers) is abrogated by 15 U.S.C. § 1681s-2(c)(1).

15 U.S.C.§ 1681s-2(a) governs Furnisher's responsibilities to report accurate information to CRA's and to correct inaccuracies. U.S.C. § 1681s-2(b) dictates a Furnisher's duty regarding investigation once notice of a dispute is received from a CRA concerning the completeness or accuracy of the furnished credit information. Courts have recognized only a limited private right of action in the FCRA, and there exists no private right of action outlined by 15 U.S.C. § 1681s-2(a). *See Drews*, 2025 WL 2144728, at *3 (S.D.N.Y. July 28, 2025) ("An individual plaintiff

6

cannot sue for a violation of U.S.C.§ 1681s-2(a)"); *see also Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) ("[T]here is no private cause of action for violations of Section 1681s-2(a)."). The FCRA limits enforcement of Section 1681s-2(a) to governmental agencies. *See Comunale v. Home Depot U.S.A., Inc.*, 328 F. Supp. 3d 70, 79 (W.D.N.Y. 2018) ("[T]he FCRA limits enforcement of [Section 1681s-2(a)] to government agencies and officials.").

There does exist a private right of action when Furnishers violate § 1681s-2(b). *Comunale*, 328 F. Supp. 3d at 80. However, under § 1681s-2(b), a Furnisher is only required to "conduct an investigation" concerning the disputed information following receipt of notice from a CRA. 15 U.S.C.§ 1681s-2(b)(1). "To state a claim, a consumer must show that (1) a furnisher received notice of a credit dispute from a CRA (as opposed to from the consumer alone) and (2) the furnisher negligently or willfully failed to conduct a reasonable investigation." *Jackling v. HSBC Bank U.S.*, 2019 WL 162743 at *4 (W.D.N.Y. Jan. 10, 2019).

However, Plaintiff fails to state a claim under 15 U.S.C. § 1681s-2(b) because she does not allege the necessary elements; namely, that Defendant Synchrony received notice from a CRA and (1) failed to investigate or (2) that the investigation was unreasonable or somehow noncompliant with the FCRA. Plaintiff's claim therefore falls short of the plausibility standard required under *Iqbal* and *Twombly*. *See* 556 U.S. at 678; 550 U.S. at 570. Any claim that Plaintiff is asserting under the FCRA against Defendant Synchrony must therefore be dismissed for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P 12(b)(6). Plaintiff's FCRA claims against Defendant Synchrony are therefore dismissed with prejudice.

### ii. Against Experian as a CRA

As discussed above, Plaintiff has correctly identified that § 1681n provides a private right of action against CRA's for willful violation of the FCRA. 15 U.S.C. § 1681n. Experian, as a CRA,

is not protected by the liability shield offered to furnishers in §1681s-2(c)(1). 15 U.S.C. §§1681s-2(c)(1). However, Plaintiff must establish standing to pursue a civil action against Experian for violation of the FCRA. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) (holding that plaintiff, absent Article III standing, could not pursue a private right of action against defendant CRA).

To have Article III standing, and therefore fall within the Court's subject matter jurisdiction, a plaintiff must meet "the irreducible constitutional minimum" of standing. *Id*. The three elements of standing are (1) injury in fact; (2) causation; (3) redressability. *Id*. Focusing on the first element, courts note that the injury or harm need not be tangible in nature but must be "concrete" *and* "particularized." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Additionally, courts have held that only plaintiffs which have been, "concretely harmed by a defendant's statutory violation may sue," and that "the mere risk of future harm, standing alone, cannot qualify," as injury-in-fact. *Id*. at 427, 437. A "bare procedural violation" of the FCRA "divorced from any concrete harm" also fails to satisfy the injury-in-fact requirement. *Spokeo*, 578 U.S. at 341. Furthermore, Plaintiff's injury must be "fairly traceable to the challenged action of the defendant." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (alterations omitted).

Article III standing is a prerequisite to subject matter jurisdiction and must be adjudicated prior to decisions on the merits of the case. *Davis v. Fed. Election Comm'n.*, 554 U.S. 724, 732 (2008) (holding that the issue of plaintiff's standing was necessary for subject matter jurisdiction prior to a decision on the merits). If a court fails to find standing, the court may dismiss the complaint, *sua sponte*. *See Adarand Constructors, Inc. v. Mineta,* 534 U.S. 103, 110 (2001) (holding that a court may dismiss *sua sponte* for lack of subject matter jurisdiction even if no party raises the issue). For Plaintiff to establish Article III standing to sue for FCRA violations, she must show that her alleged injury was caused by the statutory violation itself and not by independent

factors. *See Lujan*, 504 U.S. at 560; *Spokeo*, 578 U.S. at 338–39; *TransUnion*, 594 U.S. at 423–25.

Plaintiff's TAC does satisfy the first and third elements. Foremost, the alleged loss is both concrete *and* particular. Further, Plaintiff's loss would likely be adequately redressed with a favorable adjudication. Yet, the harm fails to flow *from* the "challenged action." *Lujan*, 504 U.S. at 560. Here, Plaintiff fails to demonstrate Article III standing because the concrete harm she alleges (the loss of $259.58) was not "fairly traceable" to the challenged conduct (the FCRA violations by Defendant Experian concerning accurate reporting requirements) and thus fails to satisfy the second element. *Lujan*, 504 U.S. at 560. Plaintiff alleges that the loss of the $259.58 occurred prior to any misreporting by Experian. (*See* TAC at 2–3.)

Specifically, Plaintiff's alleged loss occurred August 2, 2021, when she made a payment which was mis-posted to an errant account by Defendant Synchrony. (*Id.*) The non-refunded payment is the basis of Plaintiff's alleged loss, and Defendant Experian could only misreport Plaintiff's payment history after receiving a correction of the inaccurate report from Defendant Synchrony. Receipt of the correction was only possible after February 17, 2022, when Defendant Synchrony recognized the error. (*See* TAC at 1.) However, the loss of the $259.58 occurred prior to February 17, 2022, and thus could not flow from Defendant Experian's misreporting which could not have occurred until after February 17, 2022. (*Id.*)

Plaintiff further alleges the misreporting has affected her credit worthiness (*see* TAC at 3), but fails to offer any particularized, concrete loss; for example, the loss of credit or loan opportunities. Plaintiff, therefore, has failed to allege that she "suffered any concrete harm *resulting directly* from Defendant['s] alleged statutory violations." *Hakobyan v. Experian Info Sols., Inc.*, 2024 WL 1468170 at *2 (E.D.N.Y. Apr. 4, 2024) (emphasis added). Because Plaintiff

9

fails to claim any simultaneous or subsequent harm resulting from the alleged FCRA violations, Plaintiff has failed to demonstrate standing.

Plaintiff nevertheless argues in her TAC that she is entitled to statutory damages absent concrete harm based on the statutory language in 15 U.S.C. § 1681n. (TAC at 2–3.) However, Article III standing is an "irreducible Constitutional minimum" and, therefore, not subject to modification by any statute enacted by Congress. *Spokeo*, 578 U.S. at 338. While Defendant Experian may or may not be in violation of the FCRA, harm-in-fact must be shown as a pre-requisite to a federal suit prior to adjudication on the merits of the case. *Id*. at 342.

Lacking a showing of Article III standing, Plaintiff's allegations against Defendant Experian are therefore dismissed. As before (*see* ECF No. 42 at 5), this dismissal is without prejudice because "'when a case is dismissed for lack of federal subject matter jurisdiction' including for lack of standing, 'Article III deprives federal courts of the power to dismiss the case with prejudice.'" *See Spira v. Trans Union, LLC*, 2022 WL 2819469, at *6 (S.D.N.Y. July 19, 2022) (citing *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017)). To the extent Plaintiff can allege a concrete injury in good faith, she may seek leave to file a Fourth Amended Complaint within 30 days of this order.

### III.     Fraud Claims Against Synchrony

Plaintiff also asserts a fraud claim against Defendant Synchrony. (*See* TAC at 1.) Under New York law, a plaintiff sounding a claim in fraud must allege: "(1) a material misrepresentation or omission of fact (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes the damage to the plaintiff." *Keane v. Keane*, 2009 U.S. Dist. LEXIS 44360, at *11 (S.D.N.Y. May 27, 2009) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997)). A complaint alleging fraud must plead

with sufficient particularity the "who, what, when, where and how of the alleged fraud" to provide the defendant with notice of plaintiff's claim. *U.S. ex rel. Kester v. Novartis Pharm. Corp.*, 23 F. Supp. 3d 242, 252 (S.D.N.Y 2014) (citation omitted). "To comply with Rule 9(b), the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Kalie*, 297 F.R.D. at 556.

Plaintiff's TAC simply alleges that "Synchrony committed fraud." (*See* TAC at 2.) The Court must interpret *pro se* complaints to raise the "strongest [claims] that they suggest," *Drews*, 2025 WL 2144728, at *3 (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006)), but "conclusory or unsupported" allegations are still subject to dismissal. *ATSI Commc'ns*, 493 F.3d at 99.

Construed as liberally as possible, Plaintiff's complaint lacks the requisite elements to satisfy Rule 9(b). Plaintiff's TAC can be read to allege Synchrony's customer service representative as the "speaker," and the alleged misrepresentation being that Plaintiff's late fees were credited. (TAC at 13.) Plaintiff nevertheless fails to allege any facts regarding Defendant Synchrony's scienter or Plaintiff's reliance on the alleged misrepresentation. Although Rule 9(b) allows for a lower pleading standard concerning scienter, a complaint which fails to allege the defendant's knowledge of the falsity of the misrepresentations is "unsupported" and subject to dismissal. *ATSI Commc'ns*, 493 F.3d at 99; *see also Kalie,* 297 F.R.D. at 556. Furthermore, Plaintiff does not allege any facts concerning her reliance on the alleged misrepresentation or concerning harm which came about due to her reliance on the misrepresentation. Lacking these critical elements, Plaintiff's TAC alleging fraud against Defendant Synchrony fails to satisfy the

11

pleading standards under 9(b). *See Novartis Pharm.*, 23 F. Supp. 3d at 252. The Court therefore dismisses Plaintiff's fraud claims against Defendant Synchrony with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Synchrony's motion to dismiss the TAC is GRANTED. Plaintiff's claims asserted against Defendant Synchrony are deemed dismissed with prejudice.[2] Because Plaintiff asserts no claims against Old Navy, all claims against Old Navy are dismissed with prejudice. The Clerk of Court is respectfully directed to enter judgment in favor of Defendant Synchrony as against Plaintiff. Plaintiff's claims asserted against Defendant Experian are dismissed without prejudice.

Plaintiff is granted leave to file a Fourth Amended Complaint ("FAC") asserting claim(s) only as against Experian. Plaintiff shall have until December 1, 2025 to do so consistent with this Opinion and Order. Should Plaintiff file a FAC, the Court will issue a supplemental order of service. Plaintiff is advised that the FAC will replace, not supplement, the TAC, and so any claims she wishes to pursue must be included in the FAC. If Plaintiff fails to file a FAC within the time allowed, those claims dismissed without prejudice shall be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 48. The Clerk of Court is further directed to mail a copy of this Opinion and Order to *pro se* Plaintiff at her address listed on ECF and to show service on the docket.

Dated: October 28, 2025                                                  SO ORDERED:
      White Plains, NY

                                                                                       NELSON S. ROMÁN

---

[2] The TAC is Plaintiff's fourth pleading in this action wherein she asserts similar claims against Defendant Synchrony.